**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:12-cv-2791-PAB-BNB

ELOISE NICKOLS,

Plaintiff,

v.

CREDIT BUREAU OF NAPA COUNTY,
INC., a California corporation,
d/b/a CHASE RECEIVABLES

Defendant.

---

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

---

COMES NOW Defendant, Credit Bureau of Napa County, d/b/a Chase Receivables ("Defendant") by and through its counsel, Adam L. Plotkin, P.C., and responds to Plaintiff's Complaint ("Plaintiff's Complaint") as follows:

1. Defendant admits the allegations in Paragraph No. 1 of Plaintiff's Complaint stating that jurisdiction is proper.

2. Defendant denies the allegations contained in Paragraph No. 2 of Plaintiff's Complaint.

3. Defendant admits the allegations in Paragraph No. 3 of Plaintiff's Complaint stating that venue is proper.

4. Defendant denies the allegations contained in Paragraph No. 4 of Plaintiff's Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 5 of Plaintiff's Complaint and accordingly denies same.

6. Defendant admits the allegations contained in Paragraph No. 6 of Plaintiff's Complaint.

7. Defendant admits the allegation that Plaintiff is a natural person.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 8 of Plaintiff's Complaint and accordingly denies same.

9. The allegations contained in Paragraph No. 9 are legal conclusions to which no response from Defendant is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 9 of Plaintiff's Complaint and accordingly denies same.

10. The allegations contained in Paragraph No. 10 are legal conclusions to which no response from Defendant is required.  To the extent a response is required, Defendant admits the allegations contained in Paragraph No. 10 of Plaintiff's Complaint.

11. Defendant admits the allegations contained in Paragraph No. 11 of Plaintiff's Complaint.

12. Defendant admits the allegations contained in Paragraph No. 12 of Plaintiff's Complaint.

13. The allegations contained in Paragraph No. 13 are legal conclusions to which no response from Defendant is required.  To the extent a response is required, Defendant admits that in some circumstances, it may be considered a "debt collector" under 15 U.S.C. §1692a(6).

However, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegation that it is a "debt collector" under 15 U.S.C. §1692a(6) for purposes of the present action, and accordingly denies said allegation.

14. Defendant admits the allegations contained in Paragraph No. 14 of Plaintiff's Complaint.

15. Defendant admits the allegations contained in Paragraph No. 15 of Plaintiff's Complaint.

16. Defendant admits the allegations contained in Paragraph No. 16 of Plaintiff's Complaint.

17. Defendant admits that it attempts to collect delinquent financial obligations. Defendant further admits that some of these financial obligations may have arisen out of transactions in which the money, property, or services were primarily for personal, family or household purposes, which varies from account to account. Defendant denies the remaining allegations contained in Paragraph No. 17 of Plaintiff's Complaint.

18. Defendant admits that Plaintiff incurred a financial obligation that was assigned to Defendant for collection by Figis. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations contained in Paragraph No. 18 of Plaintiff's Complaint and accordingly denies same.

19. The allegations set forth in Paragraph No. 19 of Plaintiff's Complaint are legal conclusions to which no response from Defendant is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 19 of Plaintiff's Complaint and accordingly denies same.

20. Defendant admits the allegations contained in Paragraph No. 20 of Plaintiff's Complaint.

21. Defendant admits that the Account was placed by Figis for collection. Defendant denies the remaining allegations contained in Paragraph No. 21 of Plaintiff's Complaint.

22. The allegations contained in Paragraph No. 22 do not call for an affirmative response. To the extent a response is required, said allegations are denied.

23. The allegations contained in Paragraph No. 23 do not call for an affirmative response. To the extent a response is required, said allegations are denied.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 24 of Plaintiff's Complaint and accordingly denies same.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 25 of Plaintiff's Complaint and accordingly denies same.

26. Defendant admits that it made telephone calls to Plaintiff within a year prior to the filing of Plaintiff's Complaint. Defendant denies the remaining allegations contained in Paragraph No. 26 of Plaintiff's Complaint.

27. Defendant admits that Plaintiff called Defendant within a year prior to the filing of Plaintiff's Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations contained in Paragraph No. 27 of Plaintiff's Complaint and accordingly denies same.

28. Defendant admits that some of the calls may have been an attempt to collect the Account. However, Plaintiff fails to state the date of said calls, the time of the calls, or any other

specifics. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations contained in Paragraph No. 28 of Plaintiff's Complaint and accordingly denies same.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 29 of Plaintiff's Complaint and accordingly denies same.

30. The allegations contained in Paragraph No. 30 are legal conclusions to which no response from Defendant is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 30 of Plaintiff's Complaint and accordingly denies same.

31. Defendant denies the allegations contained in Paragraph No. 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph No. 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph No. 33 of Plaintiff's Complaint.

34. Defendant admits that it called Plaintiff in 2012 and that some of those calls may have been an attempt to collect the Account. However, Plaintiff fails to state the date of said calls, the time of the calls, or any other specifics. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations contained in Paragraph No. 34 of Plaintiff's Complaint and accordingly denies same.

35. Defendant admits that on August 16, 2012 Plaintiff called Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the

remaining allegations contained in Paragraph No. 34 of Plaintiff's Complaint and accordingly denies same.

36. Defendant admits the allegations contained in Paragraph No. 36 of Plaintiff's Complaint.

37. Defendant admits only that during a telephone call from Plaintiff, Defendant's representative responded to a series of questions from Plaintiff, which included questioning about potential implications of credit reporting. Defendant denies that its representative's responses to Plaintiff's line of questioning were improper given the entire context of the call. Defendant denies the remaining allegations contained in Paragraph No. 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in Paragraph No. 38 of Plaintiff's Complaint.

39. Defendant admits that Plaintiff uttered the words stated in Paragraph No. 39, but submits that such words must be viewed in the entire context of the call. Defendant denies that its representative's responses to Plaintiff's questions and comments during the call were improper given the entire context of the call. Defendant denies the remaining allegations contained in Paragraph No. 39 of Plaintiff's Complaint.

40. Defendant denies the allegations contained in Paragraph No. 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in Paragraph No. 41 of Plaintiff's Complaint.

42. Defendant admits the allegations contained in Paragraph No. 42 of Plaintiff's Complaint.

43. Defendant admits the allegations contained in Paragraph No. 43 of Plaintiff's Complaint.

44. Defendant admits the allegations contained in Paragraph No. 44 of Plaintiff's Complaint.

45. Defendant admits the allegations contained in Paragraph No. 45 of Plaintiff's Complaint.

46. Defendant admits the allegations contained in Paragraph No. 46 of Plaintiff's Complaint.

47. Defendant admits the allegations contained in Paragraph No. 47 of Plaintiff's Complaint.

48. Defendant admits the allegations contained in Paragraph No. 48 of Plaintiff's Complaint.

49. Defendant admits the allegations contained in Paragraph No. 49 of Plaintiff's Complaint.

50. Defendant admits the allegations contained in Paragraph No. 50 of Plaintiff's Complaint.

51. Defendant admits the allegations contained in Paragraph No. 51 of Plaintiff's Complaint.

52. Defendant denies the allegations contained in Paragraph No. 52 of Plaintiff's Complaint.

53. Defendant denies the allegations contained in Paragraph No. 53 of Plaintiff's Complaint.

54. Defendant denies the allegations contained in Paragraph No. 54 of Plaintiff's Complaint.

55. The allegations contained in Paragraph No. 55 do not call for an affirmative response. To the extent a response is required, Defendant denies that Plaintiff has completely or accurately cited the applicable FDCPA provisions or case law.

56. The allegations contained in Paragraph No. 56 do not call for an affirmative response. To the extent a response is required, Defendant denies that Plaintiff has completely or accurately cited the applicable FDCPA provisions or case law.

57. The allegations contained in Paragraph No. 57 do not call for an affirmative response. To the extent a response is required, Defendant denies that Plaintiff is entitled to any damages, and specifically notes that Plaintiff fails to specify whether she is seeking only statutory damages pursuant to 15 U.S.C. § 1692k(a).

58. Defendant admits the allegations contained in Paragraph No. 58 of Plaintiff's Complaint.

59. Defendant admits the allegations contained in Paragraph No. 59 of Plaintiff's Complaint.

60. Defendant admits the allegations contained in Paragraph No. 60 of Plaintiff's Complaint.

61. Defendant admits the allegations contained in Paragraph No. 61 of Plaintiff's Complaint.

62. Defendant admits the allegations contained in Paragraph No. 62 of Plaintiff's Complaint.

63. Defendant admits the allegations contained in Paragraph No. 63 of Plaintiff's Complaint.

64. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 64 of Plaintiff's Complaint and accordingly denies same.

65. The allegations contained in Paragraph No. 65 do not call for an affirmative response. To the extent a response is required, Defendant denies that Plaintiff is entitled to any damages, and specifically notes that Plaintiff fails to specify whether she is seeking only statutory damages pursuant to 15 U.S.C. § 1692k(a).

66. Defendant repeats and realleges its responses to Paragraph Nos. 1-65 of Plaintiff's Complaint as though fully set forth herein.

67. Defendant denies the allegations contained in Paragraph No. 67 of Plaintiff's Complaint.

68. Defendant denies that Plaintiff is entitled to any damages or attorneys' fees in this matter.

69. Defendant denies all allegations contained in Plaintiff's Demand for Relief.

70. Any allegation of Plaintiff's Complaint not specifically admitted herein is denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state any claims upon which relief may be granted.

2. To the extent that the jury may find any violations of the Fair Debt Collection Practices Act, such alleged violations being expressly denied by Defendant, liability for any such alleged violations is barred by 15 U.S.C. §1692k(c).

3. Plaintiff has not suffered any damages. Plaintiff fails to specify whether she is

only seeking statutory damages under the FDCPA. If she is seeking only statutory damages, Defendant will not pursue this defense.

4.  To the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.  Plaintiff fails to specify whether she is only seeking statutory damages under the FDCPA. If she is seeking only statutory damages, Defendant will not pursue this defense.

WHEREFORE, Defendant respectfully prays that Plaintiff's Complaint be dismissed with prejudice in its entirety, that Defendant be awarded its reasonable attorneys' fees and costs incurred to date in defending this action, and for such other and further relief as this Court deems proper.

DATED this 14th day of November, 2012.

Respectfully submitted,
Adam L. Plotkin, P.C.

/s/Steven J. Wienczkowski

By: _____

Steven J. Wienczkowski, Esq.
621 Seventeenth Avenue, Suite 1800
Denver, Colorado 802933
Telephone: (303) 382-0528
FAX: (303) 302-6864
swienczkowski@alp-pc.com
Attorneys for Defendant

### Certificate of Service

I hereby certify that on November 14, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

larsonlawoffice@gmail.com

/s/Steven J. Wienczkowski

By: _____
Steven J. Wienczkowski, Esq.

11